Per Curiam.

By ■ permission of Appellate Term, tenant appeals from an order of that court affirming by divided court final order of the Municipal Court, awarding the petitioning landlord possession of business space in a room occupied by tenant at 724 Fifth Avenue, New York, N. Y.
The State Business Eent Law (L. 1945, cb. 314, § 8, subd. [b], clause [1], as amd. by L. 1946, ch. 273, § 8, subd. [b], clause [1]; McKinney’s UnconsoL Laws, § 8558, subd. [b], clause [1] requires the landlord to give to the tenant written notice of the “ substantial obligation ” in the lease claimed to have been breached, and the tenant is entitled to a reasonable time to cure the same following receipt of the demand that the violation cease.
•In this case the landlord’s letter of November 26, 1946, was not a notice to the tenant “ that the violation cease,” but merely a notice that the tenant vacate the premises. The landlord may not rely upon the notice contained in the letter of • September 12, 1946, as all parties by subsequent acts clearly considered that notice of no effect.
In. view of the landlord’s failure to prove that they gave th'e tenant the required “ written notice * * * that the violation cease ”, the order appealed from should be reversed. The defect is jurisdictional and fatal to petitioners.
*336 The determination of the Appellate Term and the final order of the Municipal Court should be reversed and final order entered in tenant’s favor dismissing the petition, with costs to the tenant in all courts, without prejudice to an application by proper notice in conformity with the statute.
Martin, P. J., Glennon, Dore, Cohn and Peck, JJ., concur.
Determination of the Appellate Term and final order of the Municipal Court unanimously reversed and final order directed to be entered in the tenant’s favor dismissing the petition, with costs to the tenant in all courts, without prejudice to an application by proper notice in conformity with the statute. Settle order on notice.